IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONNIE RAY FLOYD, | ) | C/A No. 4:07-261-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN FCI-BENNETTSVILLE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  Petitioner, Donnie Ray Floyd ("petitioner/Floyd"), is currently incarcerated at the Federal Correctional Institution (FCI) Bennettsville, South Carolina. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on January 25, 2007. Respondent filed a motion for summary judgment on July 20, 2007, along with Supporting memorandum and exhibits. The undersigned issued an order filed July 26, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. No response has been filed by petitioner to respondent's motion for summary judgment.

## II. RULE 41(B) DISMISSAL

  A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

93 (4th Cir. 1989), <u>cert</u>. <u>denied,</u> 493 U.S. 1084 (1990), and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available.  Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### III. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 5, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

2

3