IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONNIE RAY FLOYD, | ) | C/A No. 4:07-261-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN FCI-BENNETTSVILLE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

Petitioner, Donnie Ray Floyd ("petitioner/Floyd"), is currently incarcerated at the Federal Correctional Institution (FCI) Bennettsville, South Carolina. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 25, 2007. (Doc. #1). Respondent filed a motion for summary judgment on July 20, 2007, along with Supporting Memorandum and exhibits. Magistrate Judge Thomas E. Rogers, III, issued an order filed July 26, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #21). No response was filed within the thirty-four (34) days given under the Roseboro Order.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #24). In the Report, Magistrate Judge Rogers recommends that "the petition should be dismissed for failure to prosecute." (Doc. #24). In conducting this review, the

Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. Objections to the Report were due by September 24, 2007. The petitioner did not file any objections to the Report, but did file a motion for summary judgment on September 7, 2007, which was within the objections period. (Doc. #27). In light of this additional filing by the petitioner, which the Magistrate Judge has not had the opportunity to consider and, rather than dismissing the action for failure to prosecute, the Court **REMANDS** the case for consideration of both petitioner and respondent's motion for summary judgment. Therefore, it is **ORDERED** that this matter be **REMANDED** to the magistrate judge for consideration of the pending motions for summary judgment.

    **IT IS SO ORDERED**.

                                                           s/Terry L. Wooten

                                                           Terry L. Wooten
                                                           United States District Judge

October 19, 2007
Florence, South Carolina