IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donnie Ray Floyd, | ) | C/A No. 4:07-0261-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden FCI- Bennettsville | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Donnie Ray Floyd ("Petitioner/Floyd"), is currently incarcerated at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina. On January 25, 2007, Petitioner appearing pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner asserts that the Federal Bureau of Prisons (BOP) has failed to give him credit for time served in state custody, time spent in a halfway house, time spent on the street while on parole, and prior good time credit. Petitioner requests that the court order that he be given these credits and released immediately. (Pet. 8.)

On July 20, 2007, Respondent filed a motion for summary judgment, along with supporting memorandum and an affidavit and exhibits. The undersigned issued an order filed July 26, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4h Cir.1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

September 9, 2007, Petitioner filed his own motion for summary judgment along with supporting exhibits.

**Successive Habeas Motion**

The instant petition is one of several habeas petitions Petitioner has filed with this court, including two other filed the same date as the instant petition. Respondent asserts in his memorandum that this petition should be dismissed on the ground it is a successive habeas petition and an abuse of the writ. (Resp't's Mem. at 5.) The undersigned agrees.

Prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and the ensuing changes to the federal habeas statutes, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new ground not heretofore presented and determined." That version of § 2244(a) provided:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such an inquiry.

Applying this version of the statute, the Supreme Court of the United States held that raising a new claim in a subsequent habeas petition that could have been raised in a prior petition was an abuse of the writ. McClesky v. Zant, 499 U.S. 467, 489 (1991). However, with the 1996 statutory amendments, § 2244(a) now reads:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a

> judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

Although the new AEDPA version of § 2244(a) does not expressly apply to habeas cases filed pursuant to § 2241, several courts have held that the AEDPA version of § 2244(a) also bars a second § 2241 as a successive petition where the grounds raised in the second petition were denied in a prior § 2241 action.[2] *See* Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 1106 F.3d 472, 475 (2d Cir. 1997); Peagler v. Yancey, 2006 WL 2434037 (D.S.C. 2006); Singletary v. Dewalt, 2005 WL 1162940 (E.D.Va. 2005); Queen v. Smith, 2005 WL 1377835 (M.D.Pa. 2005). Therefore, the undersigned must review Petitioner's prior habeas petitions to determine if the instant petition is barred as successive.

On the day the Petitioner filed the present habeas petition, he contemporaneously filed two other habeas petitions: Floyd v. Warden, FCI- Bennettsville, C/A No. 4:07-263-TLW (filed Jan. 25, 2007), and Floyd v. Sapp, C/A No. 07-260-TLW (filed Jan. 25, 2007). In Floyd v. Sapp, Petitioner named the custodian at the Dillon County Detention Center as Respondent. However, two months after filing the petition, Petitioner sought, and the court subsequently granted a voluntary dismissal, because Petitioner had been transferred and was no longer in that Respondent's custody.

In Floyd v. Warden, FCI- Bennettsville, Petitioner alleged that the BOP was not properly calculating his release date because they have not given him good time or work credits on his eight and ten year sentences. The undersigned recommended the petition be dismissed as Petitioner did not timely respond to the Respondent's summary judgment motion and, alternatively, Petitioner failed to exhaust his administrative remedies.

---

[2] The Fourth Circuit Court of Appeals has not ruled on this issue.

After the report and recommendation had been filed, Petitioner filed a motion for summary judgment. Therefore, the District Court declined to dismiss the petition for failure to prosecute. However, the District Court adopted the part of the report recommending dismissal for failure to exhaust and dismissed the petition. Floyd v. Warden, FCI-Bennettsville, 2007 WL 2822797 (D.S.C. 2007). The undersigned notes that Petitioner filed the exact same memorandum supporting his motion for summary judgment in the present action (docket entry #27) as he did in Floyd v. Warden, FCI- Bennettsville. Thus, he obviously is rasing the same issues here.

Further, Petitioner has previously filed two other habeas petitions which raised the same issues he is raising in the present petition. First, in Floyd v. United State Parole Comm., C/A No. 4:05-1283 (filed May 31, 2005), Petitioner alleged that the Commission did not have the authority to forfeit the time Petitioner had spent on special parole. In that action, on March 28, 2006, the District Court denied Petitioner habeas relief and granted the Respondent summary judgment based partly on Petitioner's failure to prosecute.

Then, in United States v. Floyd, C/A No. 4:06-574-RBH (filed May 24, 2006), Petitioner contended in a motion to dismiss an indictment that the Commission had unlawfully converted his regular parole time to special parole time thus causing a wrongful forfeiture of his "street time." The District Court denied the motion finding Petitioner's sentence was properly calculated by the Commission. Specifically, the court held the "Commission had not unlawfully caused [Petitioner] to forfeit his 'street time' and had properly credited [Petitioner] with his statutory good time." The court held it agreed with the reasoning in Floyd v. United States Parole Comm., C/A No:4:CR-05-1283 "which rejected the same arguments raised by [Petitioner] and from which

4

[Petitioner] did not appeal." Further, the court found Petitioner should have pursued his parole claims long ago by appealing the Parole Commission's findings pursuant to § 2241.

Likewise, here, the undersigned finds the instant petition should be barred. Petitioner has had every opportunity to litigate his habeas corpus claims and, furthermore, he is bound by the prior decisions of this Court  Accordingly, because the grounds raised in the instant petition could have been raised in Petitioner's prior habeas petitions and/or were actually adjudicated on the merits by the District Courts in prior habeas petitions, Petitioner's claims should be denied and this petition dismissed with prejudice as successive and an abuse of the writ.

**Exhaustion**

Alternatively, the undersigned finds Petitioner has failed to exhaust his administrative remedies. A federal prisoner challenging sentence computation and application of credits must exhaust the administrative remedies afforded him by BOP before filing a § 2241 petition in the United States District Court. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984). Prisoners challenging decisions of the Parole Commission must exhaust administrative remedies under 28 C.F.R. §§ 2.25 & 2.26 prior to filing under § 2241. *See* Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to do so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Review may nonetheless be available if the Petitioner can establish cause and prejudice for his failure to raise the issue previously. *Id.* However, there is no evidence presented by Petitioner that he exhausted his administrative remedies before bringing this § 2241 action with regard to whether or not he received proper credit for his good behavior and work duties. Nor has Petitioner alleged any cause and

prejudice. Accordingly, this petition should be dismissed for Petitioner's failure to exhaust his administrative remedies.

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #19) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 29, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**